**SOCIETE NOUVELLE GENERALE DE PROMOTION, Plaintiff,**

v.

**KOOL STOP INTERNATIONAL, INC. and Cycle Components, Inc., Defendants.**

Civ. A. No. 85–3402.

United States District Court, E.D. Pennsylvania.

Dec. 30, 1985.

Anastasius Efstratiades, Weiss, Golden & Pierson, Philadelphia, Pa., for plaintiff.

Edward E. Roberts, Santa Ana, Cal., Barbara B. Zulick, Zulick & Zulick, Norristown, Pa., for defendants.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

In this diversity action to recover the alleged unpaid sales price of goods sold and delivered, defendants move to dismiss for lack of *in personam* jurisdiction or, in the alternative, for transfer to another district court where the action might have been brought pursuant to 28 U.S.C. § 1404(a).

The complaint on behalf of plaintiff corporation alleges that defendants ordered bicycle and ski accessories from its Pennsylvania office, that they were shipped to defendants and that the sum of $70,688 remains unpaid after repeated demands. Defendants, an Oregon corporation and its California agent, assert that they maintain no office and do no business in the Commonwealth of Pennsylvania. Defendants support their assertions by affidavits of persons with personal knowledge that all transactions and activities referred to in the amended complaint occurred in California, that defendants do not have sufficient minimum contacts to subject them to suit in Pennsylvania and that assertion of jurisdiction over them violates the Due Process Clause of the Fourteenth Amendment.

Defendants' affidavits aver that: the agreement in suit, if any, arose from a California meeting; no officer or principal of defendants has visited Pennsylvania for business reasons for many years; and shipment of goods was made from Holland to California, FOB California. These assertions, if true, suggest that under the United States Constitution and the law of Pennsylvania this court has no *in personam* jurisdiction over defendants either by reason of continuous business contacts in Pennsylvania or a single contact out of which this cause of action arose; on these facts plaintiff cannot hale defendants into a Pennsylvania court. *World-Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Time Share Vacation Club v. Atlantic Resorts Ltd.,* 735 F.2d 61 (3d Cir.1984); *Proctor & Schwartz v. Cleveland Lumber Co.,* 228 Pa.Super. 12, 323 A.2d 11 (1974).

After a jurisdictional defense is properly raised, the plaintiff bears the burden of demonstrating contacts with the forum state sufficient to give the court *in personam* jurisdiction. *Compagnie des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances,* 723 F.2d 357 (3d Cir.1983). On this record plaintiff has not met that burden; statements in plaintiff's response, whether in the answer to the motion or the brief, are not supported by affidavit. Unsworn statements of an attorney are not matters of record and are insufficient to counter the sworn assertions of defendants. Plaintiff's answer in opposition to the motion refers in Paragraph 9 to an affidavit of Mr. Claude Reigner, stated to be plaintiff's United States Agent and presumably personally familiar with the events giving rise to the cause of action; this affidavit was stated to be attached as Exhibit A but it was not. We will presume that such an affidavit could be supplied and

will consider the state of the record on the assumption that the assertions of plaintiffs were established of record. Even so, it is by no means clear that there would be personal jurisdiction over the defendants.

Plaintiff asserts that the contract was formed in Pennsylvania. Conceding that certain of the negotiations leading to the formulation of the contract occurred in California, plaintiff contends that the actual order was placed by a defendant's principal after plaintiff's agent returned to Philadelphia and that "all subsequent negotiations" took place by letter, telephone, and telex between that principal in California and plaintiff's agent in Philadelphia. Plaintiff is not specific as to the number of these communications, whether they were initiated by its Philadelphia agent or by defendant in California, nor is there information on how these subsequent negotiations related to the contract or the breach, if at all.

The Supreme Court has made clear that in a contract case there may be sufficient minimal contacts for jurisdiction even if defendants have never been in the forum state, provided a *substantial and continuing relationship with the forum* has been established. *Burger King Corporation v. Rudzewicz,* —— U.S. ——, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Here there is no fair notice from contract documents or a course of dealing; at least there are no facts of record from which it can be stated with any degree of confidence that there has been a substantial and continuing relationship with a Pennsylvania party. In the absence of facts of record establishing that defendants have purposefully availed themselves of this forum, the case must be dismissed or transferred to another jurisdiction where it might have been brought. *Reyno v. Piper Aircraft Company,* 630 F.2d 149, 164–65 (3d Cir.1980), *cert granted,* 450 U.S. 909, 101 S.Ct. 1346, 67 L.Ed.2d 333, *rev'd on other grounds,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), *reh'g denied,* 455 U.S. 928, 102 S.Ct. 1296, 71 L.Ed.2d 474 (1982). Defendants aver, and the facts of record suggest, that such a jurisdiction is where one of the defendants, agent for the other, has its California of-

fice, La Habla. Therefore, this action will be transferred to the Central District of California.

■ But even if it were not clear there is no *in personam* jurisdiction here, defendants' alternative motion for a transfer pursuant to 28 U.S.C § 1404(a) should be granted. If the lack of *in personam* jurisdiction is in doubt, sound judicial administration requires transfer to a district where it clearly could have been brought. *Schwilm v. Holbrook,* 661 F.2d 12 (3d Cir. 1981).

■ Finally, even if there were no doubt that there was jurisdiction in Pennsylvania, balancing the convenience of the parties would direct a discretionary transfer anyway. Even with due regard to plaintiff's choice of forum, the sole reason for venue in Pennsylvania is the Pennsylvania residence of plaintiff's United States agent, its primary witness. However, plaintiff concedes that this agent travelled to California for at least some of the negotiations leading to the formation of the contract. As sole United States agent for a foreign corporation selling on a national basis, the inconvenience of his travel to California for the preparation and trial of this suit is far outweighed by the inconvenience to defendants in travelling to Pennsylvania and transporting records, bicycle and ski accessories (valued by plaintiffs at $70,688) to Pennsylvania for trial. On the facts of record, there is no question that transfer to California is in the interest of the administration of justice. It will be so ordered.